### Gerald PACK, Appellant,

v.

### Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

### No. 90–1403.

United States Court of Veterans Appeals.

July 1, 1992.

Before HOLDAWAY, Associate Judge.

MEMORANDUM DECISION

HOLDAWAY, Associate Judge:

Appellant appeals an August 8, 1990, decision of the Board of Veterans' Appeals (BVA or Board) which denied service connection for a left eye disability. The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance in this case. The Court has jurisdiction of the case under 38 U.S.C. § 7252(a) (formerly § 4052(a)). Appellant has filed a motion for oral argument in this case. That motion is denied.

Appellant has been before the BVA on four previous occasions at which the issue of whether his left eye condition was service-connected was adjudicated. In the August 8, 1990, BVA decision, which is the only one over which this Court has jurisdiction, the Board found that the "new" evidence did not alter the factual basis sufficiently to warrant modification of the previous decisions. *See* Veteran's Judicial Review Act (VJRA), Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (VJRA applies only to cases in which a Notice of Disagreement was filed on or after November 18, 1988). Appellant now argues that: (1) the finding of fact that his left eye condition is not service-connected was "clearly erroneous"; (2) the Board erred in not treating the latest evidence in his case as "new and material"; and (3) insufficient reasons or bases were given for rejecting appellant's evidence. The Court finds against appellant as to all issues.

It is true that the Board did not specifically find the new evidence to be "new and material." However, it is clear that the Board, in fact, did reopen the case and that the Board considered *all* the evidence, both old and new, in its readjudication. The finding that the "new" evidence did not establish a new factual basis must be read in context of the entire decision. When that is done, there can be no doubt but that appellant received a full and fair hearing as to his "new" evidence and that this evidence was not considered in isolation from the old evidence in arriving at a decision. *See Manio v. Derwinski,* 1 Vet.App. 140, 145 (1991). The decision did comport sub-

stantially with the statute and this Court's precedents in considering appellant's "new and material" evidence. *See* 38 U.S.C. § 5108 (formerly § 3008).

As to appellant's arguments that the findings of fact were "clearly erroneous" and were not sufficiently explained, suffice it to say that this Court may reverse factual findings only when such findings are implausible based on the record. *See Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990). A review of the record on appeal supports the plausibility of the Board's findings.

Finally, appellant's argument that the findings were not supported by adequate "reasons or bases" must also fail. The Court is satisfied that the BVA decision satisfies the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)), and the benefit of the doubt doctrine of 38 U.S.C. § 5107(b) (formerly § 3007(b)). *See Gilbert*, 1 Vet.App. at 53–57.

Summary disposition is appropriate. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990). Accordingly, the Secretary's motion is GRANTED and the decision of the Board is summarily AFFIRMED.